## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON NEAL, | ) | CASE NO. 8:11CV353 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| BUFFALOE AND ASSOCIATES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant Buffaloe and Associates' Motion to Dismiss (Filing No. 6) in which it ("Buffaloe") argues that this case should be dismissed for lack of personal jurisdiction. In his response brief, as an alternative, Plaintiff Brandon Neal ("Neal") suggests that the case be transferred to the Middle District of Tennessee. For the reasons discussed below, the Court finds that jurisdiction is not proper in Nebraska. Because the issue of transfer has not been raised in a motion and therefore has not been fully litigated by the parties, transfer is not warranted. The Defendant's Motion will be granted.

### BACKGROUND[1]

Neal lived with his mother, Margaret Lee Neal, in her house on Frankie Lane in South Fulton, Tennessee, from the time he was three years old until January 2000. On January 26, 2000, Neal enlisted with the United States Air Force, attended basic training in Texas, and was assigned to active duty in Alabama. In October 2004, Neal was

---

[1]The facts are taken from the parties' indexes of evidence (Filing Nos. 8, 12). *See Coen v. Coen*, 509 F.3d 900, 904-05 (8th Cir. 2007) (providing that the plaintiff's showing for a motion to dismiss for lack of personal jurisdiction "must be tested, not by the pleading alone, but by the affidavits and exhibits presented" in support of and in opposition to the motion). For purposes of the pending Motion to Dismiss, the Court must view the facts provided in the affidavits and exhibits in the light most favorable to the Plaintiff and resolve all factual conflicts in his favor. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991).

honorably discharged from the military and became a civilian contractor at Offutt Air Force Base in Nebraska.  In approximately 2007, Neal applied to Capital One for the credit card at issue when he lived in Papillion, Nebraska.  He received statements in Nebraska.  At the end of 2007, Neal was laid off until he was employed by another civilian contractor at the Offutt base in July 2008.  During this period of unemployment, Neal accumulated a debt on his credit card.

In approximately August 2010, a debt collector called the Northland Group ("Northland"), contacted Neal about the Capital One credit card.  Neal called Northland and discussed the possibility of settlement.  When Neal again contacted Northland, however, he was told that Northland no longer had the account because Capital One had recalled it.  On the same day that Northland told Neal the account had been recalled by Capital One, Neal called Capital One directly.  During this telephone conversation, Capital One confirmed Neal's Nebraska address.  Neal asked how he could settle the debt, and Capital One told him he would be contacted by another debt collector.

On January 24, 2011, Neal's mother contacted him and told him she had been served with a lawsuit filed against him in Tennessee.  Buffaloe states that when the lawsuit was filed, to the best of its knowledge Neal resided in Tennessee.[2]  Capital One filed the suit against Neal regarding the debt, and Buffaloe represented Capital One in the case. On the date service was made on Neal's mother in Tennessee, Neal was at a hospital in Omaha, Nebraska, awaiting the birth of his child born on January 25, 2011.  On February

---

[2]There are discrepancies between the address that Buffaloe states it then had on file and the actual address of Neal's mother.  The address that Buffaloe states it received from Capital One contained the correct street name where Neal's mother lived, but it included an incorrect house number and an apartment number. The residence was a house.

3, 2011, Neal called Buffaloe and verified his address in Omaha, Nebraska.  Neal also

called Buffaloe on February 17, February 28, and March 2, 2011, and twice on March 8,

2011.  On March 8, 2011, Buffaloe called Neal and told him that Capital One had approved

Neal's $50 monthly payment proposal.  During this conversation, Neal agreed to an entry

of judgment, and judgment was entered against him on March 9, 2011, in the Obion

County General Sessions Court.  Also on March 8, 2011, Buffaloe wrote Neal a letter

addressed to him at his Omaha address.  The letter directed Neal to make his monthly

payments to Buffaloe at its Tennessee address.  On March 17, 2011, Neal sent a $50

payment to Buffaloe.  Also on March 17, 2011, Capital One verified that Neal was out of

state, and Buffaloe closed the account.

Buffaloe is a law firm with its business office in Nashville, Tennessee.  None of its

attorneys is licensed to practice in Nebraska.  Furthermore, Buffaloe has not filed any

lawsuits or been sued in Nebraska in any other case; has no bank accounts in Nebraska;

owns no land in Nebraska; does not pursue other business ventures in Nebraska; and

does not advertise in Nebraska.

On October 11, 2011, Neal filed this action alleging that Buffaloe violated the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692i(a)(2),[3] by bringing the Tennessee action

in a judicial district other than the one in which Neal (1) signed the contract in question or

(2) resided when Buffaloe commenced its action.[4]  The Motion to Dismiss followed.

---

[3]In the Complaint, Neal incorrectly cites to the statutory provision as 15 U.S.C. §§ 1692i(2)(A) & (B).

[4]The statute provides that a debt collector, in the type of case filed against Neal in Tennessee, "shall . . . bring such action only in the judicial district or similar legal entity–(A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."  15 U.S.C. § 1692i(a)(2).

**DISCUSSION**

**I.      Rule 12(b)(2)- Personal Jurisdiction**

To survive a Federal Rule of Civil Procedure 12(b)(2) motion to dismiss for lack of personal jurisdiction, the complaint must state sufficient facts "to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008). When jurisdiction is challenged, "the plaintiff has the burden of proving facts supporting personal jurisdiction," *Miller v. Nippon Carbon Co.,* 528 F.3d 1087, 1090 (8th Cir. 2008), but a plaintiff need only "establish[] a prima facie case" that personal jurisdiction exists. *Steinbuch*, 518 F.3d at 585. The plaintiff's showing "'must be tested, not by the pleading alone, but by affidavits and exhibits presented'" in support of and in opposition to the motion to dismiss for lack of personal jurisdiction. *Coen*, 509 F.3d at 904-05 (quoting *Deyer v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004)). When considering these evidentiary materials, the Court must view the facts in the light most favorable to the plaintiff and resolve all factual conflicts in its favor. *Dakota Indus.,* 946 F.2d at 1387.

In determining whether this Court has personal jurisdiction over a nonresident defendant, two issues are presented: (1) whether the requirements of the Nebraska long-arm statute are satisfied and (2) whether the exercise of jurisdiction over this Defendant will violate the Fourteenth Amendment Due Process Clause. *Coen*, 509 F.3d at 905. Because Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536,[5] has been interpreted to

---

[5]Neb. Rev. Stat. § 25-536 provides:

A court may exercise personal jurisdiction over a person:
    (1) Who acts directly or by an agent, as to a cause of action arising from the person:

extend jurisdiction over nonresident defendants to the fullest degree allowed by the Due Process Clause of the United States Constitution, *Ameritas Inv. Corp. v. McKinney*, 694 N.W.2d 191, 199 (Neb. 2005), the Court need only determine whether the assertion of jurisdiction offends constitutional limits.

In order to exercise personal jurisdiction over a nonresident defendant, due process requires that the defendant have "minimum contacts" with the forum state such that maintenance of a suit against that defendant "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The nonresident defendant's conduct and connection with the forum state must be such that "he should reasonably anticipate being haled into court there," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980), and it is essential that "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). "Purposeful availment" means that the defendant's contacts with the forum state must not be "'random,'

---

(a) Transacting any business in this state;
(b) Contracting to supply services or things in this state;
(c) Causing tortious injury by an act or omission in this state;
(d) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state;
(e) Having an interest in, using, or possessing real property in this state; or
(f) Contracting to insure any person, property, or risk located within this state at the time of contracting; or
(2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States.

5

'fortuitous,' or 'attenuated,'" or the result of "'unilateral activity of another party or a third person.'" *Burger King*, 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774 (1984) and *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417 (1984))*.*  A defendant's minimum contacts with the forum state must exist either when the cause of action arose, when the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.  *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Once it has been determined that the nonresident defendant purposefully established minimum contacts with the forum state, such contacts must be analyzed in light of other factors to determine whether the exercise of personal jurisdiction over the nonresident defendant comports with "'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. at 320).  The factors, as articulated by the Eighth Circuit Court of Appeals, are: "'(1) the nature and quality of contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.'" *Coen*, 509 F.3d at 905 (quoting *Bell Paper Box, Inc. v. U.S. Kids, Inc.,* 22 F.3d 816, 819 (8th Cir. 1994)).  The fourth and fifth factors, however, are of secondary importance and not determinative.  *Id.*  In applying these factors, the central inquiry is the "'relationship among the defendant, the forum, and the litigation.'"  *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.,* 708 F.2d 1338, 1340 (1983) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)).

The third factor–the relation of the cause of action to the contacts–gives rise to the distinction between specific and general jurisdiction.  While general jurisdiction refers to

the power of a forum state to adjudicate a claim involving a particular defendant regardless of where the cause of action arose, specific jurisdiction refers to jurisdiction arising from or related to a defendant's actions within a forum state. *Bell Paper Box, Inc.*, 22 F.3d at 819. When specific jurisdiction exists, "[a]ll that is required is that a commercial actor purposefully direct its efforts towards residents of the forum state." *Id.* at 820.

Buffaloe's argument relates to the alleged lack of specific jurisdiction over it because the only reason Buffaloe contacted Neal in Nebraska was with respect to the judgment in the Tennessee action, to which Neal had consented. Neal alleges that Buffaloe contacted him by telephone and letter and obtained the Tennessee judgment against him while he resided in Nebraska and, therefore, Nebraska has sufficient contacts with Buffaloe to maintain his suit.

Turning to the instant case and viewing the facts in the light most favorable to the Plaintiff, the parties' affidavits demonstrate that any contact Buffaloe had with Neal in Nebraska by telephone or letter was in response to Neal's efforts to settle his debt and his agreement to the judgment in the Tennessee case. The Court finds that those contacts, initiated by Neal, and the filing of the Tennessee case by Buffaloe on behalf of its client, Capital One, when Neal resided in Nebraska, are insufficient to support a conclusion that Buffaloe purposefully availed itself of the opportunity to conduct business activities in Nebraska. The Court concludes that Buffaloe had no reason to anticipate being haled to court in Nebraska. The nature, quality, and quantity of Buffaloe's contacts with Nebraska are insufficient to allow this Court to exercise personal jurisdiction–general or specific–over Buffaloe.

After giving due consideration to the foregoing factors and principles, the Court concludes that Buffaloe lacks the "minimum contacts" with Nebraska such that continued maintenance of this case against Buffaloe would offend "'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316 (quoting *Milliken*, 311 U.S. at 463).

**II.    Plaintiff's Alternative Request to Transfer Venue**

Plaintiff's alternative request for a change of venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a) was not raised by motion, but rather in the Plaintiff's brief. (Filing No. 12, at 8-9.) The parties have not had an adequate opportunity to litigate this issue by briefing the issue or filing evidence. Therefore, the request is denied.

## CONCLUSION

For the reasons discussed, this case will be dismissed for lack of personal jurisdiction and the Plaintiff's request for a transfer of the case to the Middle District of Tennessee will be denied.

IT IS ORDERED:

1.    The Motion to Dismiss (Filing No. 6) filed by the Defendant, Buffaloe and Associates, is granted;

2.    The Plaintiff's request for a transfer is denied;

3.    This case is dismissed, without prejudice, for lack of personal jurisdiction; and

4.    A separate Judgment will be issued.

DATED this 23rd day of December, 2011.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge